## PONCA SALVAGE, IRON & METAL CO. et al. v. WATTS et al.

No. 23324.   Opinion Filed July 12, 1932.

Rehearing Denied Oct. 18, 1932.

Cheek & Lee, for petitioners.

J. Berry King, Atty. Gen., Robert D. Crowe, Asst. Atty. Gen., and Chas. D. Reed, for respondents.

RILEY, J.   Petitioners bring this proceeding to review an award of the State Industrial Commission made in favor of respondent W. D. Watts, herein referred to as claimant, and against petitioners.

The accidental injury upon which the claim is based occurred May 19, 1931. Claimant, while engaged in working upon a joint of 18-inch casing, struck same with a hammer, and particles of what was described as "acid-bearing rust" were thrown into claimant's left eye, resulting, as he claims, in the permanent total loss of the eye.

Petitioners contend that the accidental injury did not cause the loss of the eye. The Commission found that it did, and made its award accordingly.

The only question is whether or not there is any competent evidence reasonably tending to support the finding.

The undisputed evidence is that the rust from the pipe struck claimant in the eye. He testified that he never had any trouble with his eye before the accident, except on one occasion several years before he had gotten emery dust in the eye; that he was 40 years old and before the accident here involved he could read at night.   Sometimes he wore glasses, but never used glasses while at work and had never noticed anything wrong with his eye.   About 15 hours after the accident he went to a doctor, who treated him regularly for about two weeks and intermittently thereafter for about two or three weeks.   About a week after the accident a blister formed on the eyeball and the doctor lanced it.   After that he began to lose the sight of the eye.   Later, two more blisters formed and these were also lanced. In about three weeks he completely lost the sight of the eye.

Two medical or expert witnesses testified. One testified quite positively that in his opinion the condition was due to some pre-existing cause.   However, he was not able to give any definite reason for his opinion. The other expert witness testified that, in his opinion, the loss of vision could have been caused by the injuries described.

There is competent evidence reasonably tending to support the finding of the Commission, and the petition is denied and the award is affirmed.

HEFNER, CULLISON, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur.

LESTER, C. J., CLARK, V. C. J., and Mc-NEILL, J., absent.